# In the United States Court of Federal Claims

No. 20-504T

(E-Filed:  September 22, 2021)

|  |  |  |
|---|---|---|
| ERICA WESTON, | ) | |
| | ) | |
| Plaintiff, | ) | Pro Se Complaint; Motion to Dismiss; |
| | ) | RCFC 12(b)(1); Dismissal for Lack of |
| v. | ) | Subject Matter Jurisdiction; Tax Refund |
| | ) | Claim; Statute of Limitations; 26 U.S.C. § |
| THE UNITED STATES, | ) | 6532(a)(1). |
| | ) | |
| Defendant. | ) | |
| | ) | |

Erica Weston, Lawrenceville, GA, pro se.

Patrick Phippen, Trial Attorney, with whom were David A. Hubbert, Acting Assistant Attorney General, David I. Pincus, Chief, Mary M. Abate, Assistant Chief, Tax Division, Court of Federal Claims Section, Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, J.

Before the court is defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), or, alternatively, for failing to state a claim, pursuant to RCFC 12(b)(6).  See ECF No. 14.  In evaluating defendant's motion, the court considered:  (1) plaintiff's complaint, ECF No. 1; (2) defendant's motion to dismiss, ECF No. 14; (3) plaintiff's response, ECF No. 19; and (4) defendant's reply, ECF No. 20.  The motion is fully briefed and ripe for decision.

The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion.  For the following reasons, defendant's motion to dismiss is **GRANTED**.

I.      Background

Plaintiff filed her complaint on April 20, 2020.  See ECF No. 1.  Therein, plaintiff alleges that she electronically filed her 2012 tax return with the Internal Revenue Service (IRS), the same year that her husband passed away.  See id. at 1.  She explains that the IRS rejected the return "on the grounds that the Social Security number of the Primary Taxpayer was deceased."  Id.  According to plaintiff, she was the primary taxpayer, and the IRS improperly rejected the return on that basis.  See id.

Plaintiff alleges that she was unable to resolve that matter "[a]fter numerous calls to the IRS and Social Security Offices," and that the matter remained unresolved until 2017.  Id.  She was unable to electronically file her tax returns for 2012, 2013, 2014, 2015, and 2016, so she delivered the returns to the IRS office in Atlanta, Georgia "where they were physically accepted and sent to be processed."  Id.

Following additional difficulty related to her social security number, plaintiff was assigned a tax advocate in 2017.  See id. at 2.  During the same time, plaintiff "received a letter stating that 2012 & 2013 [were] going to be disallowed because the returns were filed late."  Id.  The letters, which defendant attached to its motion to dismiss, inform plaintiff that the IRS was disallowing her claims because she filed her "original tax return more than 3 years after the due date."  ECF No. 14-1 at 27, 32.  The letters further advise plaintiff of her right to administratively appeal the decision or to file a lawsuit in this court within "2 years from the date of this letter," and put her on notice that if she "decide[s] to appeal our decision first, the 2-year period still begins from the date this letter."  Id. at 30, 35.

The letter disallowing plaintiff's 2012 return is dated April 11, 2018, see id. at 27-31, and the letter disallowing plaintiff's 2013 return is dated April 4, 2018, see id. at 32-36.

Plaintiff filed an appeal with the IRS, which was denied.  See ECF No. 1 at 2.  She claims that the IRS committed the error that created the problem, and that she did what she "was physically and mentally able to [do] under the stressful and emotional circumstances that [she] was under during those difficult years and process."  Id. at 3.  She states that additional complications arose with her 2018 return, and, at the time of filing the complaint, she did not know whether her 2019 return had been accepted.  See id. at 3-4.

Plaintiff asks the court "to carefully review [her] case and find how the error occurred in the first place," and "decide that if the error was indeed made with the IRS or Social Security offices that [her] 2012 & 2013 refunds be released."  Id. at 5.

Defendant filed a motion to dismiss on March 18, 2021, see ECF No. 14, and included an appendix of relevant documents including: (1) account transcripts for plaintiff's tax returns from 2012 through 2020, see ECF No. 14-1 at 2-20; (2) certificates of assessments, payments and other specified matters for tax years 2012 and 2013, see id. at 21-26; (3) copies of the IRS letters disallowing plaintiff's 2012 and 2013 returns as untimely, see id. at 27-36; and (4) plaintiff's notice of appeal dated May 10, 2018, see id. at 37.

Defendant contends that this court does not have subject matter jurisdiction to hear plaintiff's claims, and, alternatively, that plaintiff has failed to state a claim. See ECF No. 14.

II.     Legal Standards

A.      Pro Se Plaintiffs

Plaintiff is proceeding pro se and is therefore entitled to a liberal construction of her pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that allegations contained in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers") (citations omitted). Pro se plaintiffs are "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Accordingly, the court has examined the complaint and plaintiff's briefing to discern all of plaintiff's claims and legal arguments.

B.      Dismissal for Lack of Jurisdiction, RCFC 12(b)(1)

Pursuant to the Tucker Act, this court has the limited jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

To invoke this court's jurisdiction, plaintiff bears the burden of establishing by a preponderance of the evidence that her claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 217 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In reviewing plaintiff's allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all reasonable inferences in plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747 (citations omitted). If the court

determines that it lacks subject matter jurisdiction, it must dismiss the complaint.  See RCFC 12(h)(3).

III.    Analysis

    A.    The Court Lacks Subject Matter Jurisdiction to Consider Plaintiff's Claims

    Defendant argues in its motion to dismiss that the court lacks jurisdiction to consider plaintiff's claims because plaintiff failed to timely file her complaint.  See ECF No. 14 at 15.  The Internal Revenue Code permits plaintiffs to maintain civil actions to recover taxes that have been "erroneously or illegally assessed or collected," provided that a refund claim has been properly filed prior to the suit.  26 U.S.C. § 7422(a); see also Chicago Milwaukee Corp. v. United States, 40 F.3d 373, 374 (Fed. Cir. 1994) (stating that the Internal Revenue Code "waives the United States' sovereign immunity from refund suits, provided the taxpayer has previously filed a qualifying administrative refund claim") (internal citation omitted).

    To maintain a suit for a tax refund, a plaintiff must also fully pay the taxes owed, see Shore v. United States, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (citing Flora v. United States, 362 U.S. 145, 150 (1960)), and file the suit within two years of the date on which the Secretary of the Treasury, or the Secretary's delegate, mails "a notice of the disallowance of the part of the claim to which the suit or proceeding relates," 26 U.S.C. § 6532(a)(1); see also 26 U.S.C. § 7701(a)(11) (defining the term "Secretary").  According to the United States Court of Appeals for the Federal Circuit, this two-year statute of limitations must be strictly applied.  See RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461-63 (Fed. Cir. 1998) (holding that no implied equitable exception may be applied to the statute of limitations in 26 U.S.C. § 6532(a)).

    Here, defendant does not contest that plaintiff meets the first two requirements to maintain this suit, but contends that plaintiff failed to file her complaint within the two year period allowed pursuant to 26 U.S.C. § 6532(a)(1).  See ECF No. 14 at 15.  The IRS disallowed plaintiff's refund claim for the 2012 tax year on April 11, 2018, and disallowed her refund claim for the 2013 tax year on April 4, 2018.  See id.; ECF No. 14-1 at 27-31 (letter disallowing 2012 refund claim), 32-36 (letter disallowing 2013 refund claim).  Plaintiff's complaint was filed in this court on April 20, 2020, more than two years from the date of both letters.  See ECF No. 1.  As such, the complaint falls outside the applicable statute of limitations, depriving this court of jurisdiction.

    In her response to defendant's motion to dismiss, plaintiff does not argue that the two-year statute of limitations does not apply, that she was not on notice of the same by way of the IRS letters disallowing her claims, or that she filed her complaint within the allowed timeframe.  See generally ECF No. 19.  She instead reiterates the lengthy process through which she attempted to resolve these issues, and pleads with the court not to

"dismiss[] or disregard[]" her case. <u>Id.</u> at 4. The court is sympathetic to plaintiff's grief after losing her husband, and understands her frustration with the claims process. The court, however, is not empowered to exercise its jurisdiction on this basis. Because the court is without jurisdiction to hear this case, it must dismiss plaintiff's complaint. <u>See</u> RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

>   B.    Transfer

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interest of justice:

>   [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed.

28 U.S.C. § 1631. "Transfer is appropriate when three elements are met: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." <u>Brown v. United States</u>, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631)."

"The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." <u>Galloway Farms, Inc. v. United States</u>, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing <u>Zinger Constr. Co. v. United States</u>, 753 F.2d 1053, 1055 (Fed. Cir. 1985)). The decision to transfer "rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" <u>Spencer v. United States</u>, 98 Fed. Cl. 349, 359 (2011) (quoting <u>Faulkner v. United States</u>, 43 Fed. Cl. 54, 56 (1999)).

The court has already determined that it lacks jurisdiction over plaintiff's claims. It has further determined that plaintiff's claims are untimely. As such, transferring the claim to another court would be futile, and is therefore not in the interest of justice.

IV.    Conclusion

Accordingly, for the foregoing reasons:

>   (1)    Defendant's motion to dismiss, ECF No. 14, is **GRANTED**; and

(2)     The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, in favor of defendant, without prejudice.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge
